IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMERY GENE BRADLEY,

    Petitioner,

    v.                                                                        No. 18-CV-00202-KG-GBW

KAREN L. TOWNSEND, ASHLEY A.
LONDY, EMETERIO L. RUDOLFO,
BETTY JUDD,

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, on Petitioner Emery Gene Bradley's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody, filed on May 30, 2018. (Doc. 7). Also before the Court is Defendant Karen L. Townsend's Motion To Dismiss and Petitioner's Application To Proceed In District Court Without Prepaying Fees or Costs. (Docs. 4, 8). For the reasons explained below, Defendant Townsend's motion to dismiss will be denied as moot, Defendants Townsend, Londy, and Rudolfo will be dismissed as parties to this action, Petitioner's application to proceed *in forma pauperis* will be denied as moot, and Petitioner will be ordered to show cause why his § 2254 petition should not be dismissed for failure to exhaust state court remedies.

**I.    BACKGROUND**

On March 1, 2018, Petitioner filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 against Defendants Townsend, Ashley A. Londy, and Emeterio L. Rudolfo, seeking reversal of his state criminal conviction and sentence. (Doc. 1). The Court notified Petitioner that the relief he

seeks only is available via a petition for writ of habeas corpus under 28 U.S.C. § 2254 and, therefore, the Court intended to recharacterize his civil rights complaint as a § 2254 petition. (Doc. 3). Consistent with *Castro v. United States*, 540 U.S. 375 (2003), the Court afforded Petitioner an opportunity to amend or withdraw his complaint prior to recharacterization. (Doc. 3). The Court also informed Petitioner that, if he wishes to seek habeas relief under 28 U.S.C. § 2254, he must pay the $5 filing fee or submit an Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915. (Doc. 3). Petitioner failed to file a timely response to the Court's order and, therefore, the Court recharacterized Petitioner's civil rights complaint as a § 2254 petition and ordered Petitioner to show cause why his petition should not be dismissed for failure to pay the $5 filing fee or submit an Application To Proceed In District Court Without Prepaying Fees or Costs. (Doc. 5).

In response, Petitioner filed the present amended § 2254 petition against Respondent Betty Judd, warden of Northwest New Mexico Correctional Facility. (Doc. 7). In his amended § 2254 petition, Petitioner alleges that his state conviction for driving while intoxicated is unconstitutional because: (1) the prosecutor introduced into evidence Petitioner's prior convictions, which were more than ten years old; (2) his conviction was obtained "using false evidence"; (3) the use of false evidence deprived Petitioner of due process of law; and (4) "Court Officers violated their Judicial Code of Conduct and Code of Ethics." (Doc. 7). It is clear from the face of Petitioner's amended § 2254 petition that he did not file a timely appeal from the judgment of conviction or seek postconviction relief in state court. (Doc. 7). Additionally, the Court will take judicial notice of the official state court record in Petitioner's criminal case, which is available through the Supreme Court of the State of New Mexico's Secured Online Public Access (SOPA) service. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that

"federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). The official state court record confirms that Petitioner never filed an appeal or a petition for writ of habeas corpus in state court after the entry of the Amended Judgment, Sentence And Commitment to the New Mexico Department of Corrections on November 9, 2017. *See State of New Mexico v. Bradley*, case no D-1116-CR-2016-01074, CLS/Judgment/Sentence/Commitment (November 9, 2017).

On May 30, 2018, Petitioner paid the $5 filing fee in this habeas proceeding. [Doc. 6] On the same date, Petitioner also submitted an Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915. (Doc. 8).

In the meantime, on April 9, 2018, Defendant Townsend filed a motion to dismiss Petitioner's civil rights complaint for failure to state a claim on which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). Specifically, Defendant Townsend contends that Petitioner's civil rights claims are barred by absolute judicial immunity and the *Heck* doctrine. (Doc. 4). Alternatively, Defendant Townsend contends that Petitioner's generalized and conclusory factual allegations fail to state a claim for relief that is plausible on its face. (Doc. 4). Petitioner has not filed a response to Defendant Townsend's motion.

**II. DISCUSSION**

A. *Defendant Townsend's Motion To Dismiss and Petitioner's Application To Proceed In Forma Pauperis Will Be Denied As Moot*

Defendant Townsend moves to dismiss Petitioner's § 1983 claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, but the Court has recharacterized Petitioner's civil rights complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254. It is well

3

established that "in habeas challenges to present physical confinement-'core challenges';-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases In the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Indeed, Petitioner's amended § 2254 petition, which superseded his recharacterized § 2254 petition, properly names Betty Judd, the warden of Northwest New Mexico Correctional Facility, as the sole named respondent in this habeas proceeding. (*See* Doc. 7). *See Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (noting that "a pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified") (internal quotation marks and citation omitted). Therefore, Defendant Townsend's motion to dismiss will be denied as moot and Defendants Townsend, Londy, and Rudolfo will be dismissed as parties to this habeas proceeding.

Additionally, Petitioner has filed a motion to proceed *in forma pauperis*, but the record reflects that he has paid the full amount of the filing fee. (*See* Docs. 6, 8). Because Petitioner has paid the full amount of the filing fee, there is no need to excuse prepayment of the fee under 28 U.S.C. § 1915. Therefore, Petitioner's Application To Proceed In District Court Without Prepayment of Fees or Costs will be denied as moot.

B. *Petitioner Will Be Required To Show Cause Why His § 2254 Petition Should Not Be Dismissed For Failure To Exhaust State Court Remedies*

Title 28 of the United States Code, section 2254(b)(1)(A), provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

4

court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Although exhaustion is an affirmative defense, it may be raised by the Court *sua sponte* if the "failure to exhaust [is] clear from the face of [the] petition." *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009).

It is clear from the face of Petitioner's amended § 2254 petition that he did not present his claims to the state of New Mexico's highest court, either by filing a direct appeal or a state postconviction attack and, therefore, Petitioner will be required to show cause in writing, within thirty (30) days of the date of entry of this Order, why his amended § 2254 petition should not be dismissed for failure to exhaust state court remedies. Failure to file a timely written response may result in the dismissal of this habeas proceeding without prejudice without further notice.

IT IS THEREFORE ORDERED that Defendant Townsend's Motion To Dismiss (Doc. 4) is DENIED as moot; and Defendants Townsend, Londy, and Rudolfo are DISMISSED as parties to this habeas proceeding;

IT IS FURTHER ORDERED that Petitioner's Application To Proceed In District Court Without Prepaying Fees or Costs (Doc. 8) is DENIED as moot; and

IT IS FURTHER ORDERED that Petitioner show cause in writing, within thirty (30) days of the date of entry of this order, why his § 2254 petition should not be dismissed without prejudice for failure to exhaust state court remedies.

_____
UNITED STATES DISTRICT JUDGE