# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EMERY GENE BRADLEY,

    Petitioner,

    v.                                               No. 18-CV-00202-KG-GBW

KAREN L. TOWNSEND, ASHLEY A.
LONDY, EMETERIO L. RUDOLFO,
BETTY JUDD,[1]

    Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court, *sua sponte*. On June 19, 2018, the Court ordered pro se Petitioner Emery Gene Bradley to show cause why his amended petition for writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed, since it was plain from the face of the amended petition that Petitioner had failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). In response, Petitioner submitted an unsigned letter titled "Failure To Disqualify," which complains about the sentencing judge's failure to disqualify herself from his state criminal case. (Doc. 13). For the reasons explained below, the Court concludes that Petitioner has failed to exhaust his state court remedies and, therefore, his amended § 2254 petition (Doc. 7) will be dismissed without prejudice.

The background of this case was set forth in the Court's June 19, 2018, Memorandum Opinion and Order To Show Cause and, therefore, will be included herein only to the extent necessary to determine whether Petitioner has fulfilled his statutory obligation to exhaust his state court remedies. On May 30, 2018, Petitioner filed an amended § 2254 petition challenging his

---

[1] Respondents Townsend, Londy, and Rudolfo have been dismissed as parties to this action. (*See* Doc. 12).

New Mexico state criminal conviction and sentence for driving while intoxicated. (*See* Doc. 7). Petitioner's amended petition indicates that Petitioner did not appeal from his judgment of conviction or file a state petition for writ of habeas corpus. (*See* Doc. 7 at 1, 3). The official state court docket, which is available through the Supreme Court of the State of New Mexico's Secured Online Public Access (SOPA) service, confirms that Petitioner never filed an appeal or a petition for writ of habeas corpus in state court. *See State of New Mexico v. Bradley*, D-1116-CR-2016-01074, CLS/Judgment/Sentence/Commitment (November 9, 2017). Therefore, the Court ordered Petitioner to show cause why his amended § 2254 petition should not be dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) (providing that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). (*See* Doc. 12).

In response, Petitioner submitted an unsigned letter titled "Failure To Disqualify," which contends that the sentencing judge in Petitioner's state criminal case is biased or prejudiced against him. (Doc. 13). Petitioner argues that it "would be futile for [him] to seek justice" in state court. (Doc. 13 at 2). Petitioner appears to argue that he should be excused from the statutory requirement to exhaust his state court remedies because "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254(b)(1)(B)(ii).

"Exhaustion is not required if an attempt to exhaust would be futile." *James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000). The petitioner bears the burden to prove that exhaustion of state court remedies would be futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). "The exhaustion requirement is not one to be overlooked lightly. Principles of comity and federalism demand that the requirement be strictly enforced." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092

(10th Cir. 1995) (internal quotation marks and citation omitted).

Petitioner's conclusory allegations of judicial bias are insufficient to establish that the state of New Mexico's post-conviction process is ineffective to protect his rights. *See Johnson v. Werholtz*, No. 07-3308-SAC, 2008 WL 5397500, at *4 (D. Kan. Dec. 24, 2008) (holding that petitioner's conclusory allegations of judicial bias were insufficient to establish that exhaustion of state court remedies would have been futile under § 2254(b)(1)(B)(ii)) (unpublished). Because Petitioner has failed to establish that it would be futile to exhaust his state court remedies, Petitioner's amended § 2254 petition will be dismissed without prejudice. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997) ("Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued."). Furthermore, the Court concludes that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and, therefore, a certificate of appealability will be denied. *See* Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

IT IS THEREFORE ORDERED that Petitioner's amended § 2254 petition (Doc. 7) is DISMISSED without prejudice for failure to exhaust state court remedies; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE